**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | : | |
| Plaintiffs | : | |
| v. | : | Case No.: 1:14-cv-01178-TSE-TRJ |
| MOHAMAD BAIAZID, | : | |
| Defendant. | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S**
**UNOPPOSED MOTION FOR LEAVE TO PROCEED ANONYMOUSLY AND TO**
**REDACT DEFENDANT'S NAME FROM THE RECORD**

COMES NOW Defendant, MOHAMAD BAIAZID ("Baiazid" or "Defendant"), by and through its counsel of record, and respectfully submits this Memorandum in Support of Defendant's Motion for Leave to Proceed Anonymously and Motion to Redact Defendant's Name from the Record, and states as follows:

**I. Introduction**

Malibu Media is a California film company that owns the copyrights to a large number of films. Malibu has filed thousands of lawsuits in various federal courts against many thousands of John Doe defendants. Courts across the county, including this one, have recognized a privacy right and a defendant's interest in remaining anonymous in cases such as this in which the allegations pertain to the downloading of explicit adult content.

The original Complaint filed in this case identified Defendant as John Doe. Defendant respectfully requests that this Court enter an Order permitting him to resume anonymous status. Further, in order to completely return Defendant to anonymous status, some of the documents filed in this matter will need to be sealed. No prejudice to Plaintiff will result from such an order,

1

and the privacy and fairness concerns previously acknowledged by judges across the country will be addressed, including the public's right to access legal proceedings.

## II. Argument

The Supreme Court has acknowledged a common-law right of access to judicial records. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). Thus, there is a presumption that documents deemed essential to the judicial process remain available to the public. However, this presumption may be overcome and court filings may be restricted, where the public's right of access is outweighed by interests that favor nondisclosure. *See e.g. James v. Jacobson*, 6 F.3d 233, 238 (4th Cir.1993). In determining whether public access to a particular record should be restricted, courts maintain substantial discretion.

In the present case, Plaintiff already has access to the documents and text at issue, and Defendant has never objected to his identity being provided to Plaintiff or to the Court. Defendant asks only that access to his identity be restricted from the public. No such restriction will shield from public view the nature of the case, the nature of the allegations made by Plaintiff, or the nature by which the case resolved. Defendant asks only that documents bearing his name be sealed and that public docket entries bearing his name be redacted so that he may move forward at the conclusion of this matter with a clean slate. His privacy interest, and the interest in avoiding any further reputational harm or harm to professional/economic opportunities outweighs the presumption of a public interest in identifying Defendant by name.

The Amended Complaint contains allegations that Baiazid downloaded and distributed pornographic films, the copyrights to which are owned by Plaintiff. Courts have acknowledged, in a similar case to the one at bar, that a defendant's identity can be shielded from the public pursuant to Rule 7.2. *K-Beech, Inc. v. John Doe*, 2012 U.S. Dist. LEXIS 12670 (D.Col. February

2, 2012). Other courts have also acknowledged the reputational injury that can result from being accused of downloading an obscene film. Accusations of copying and distributing pornography involves matters of a sensitive and highly personal nature that deserve some protection from the public eye. *Sunlust Pictures, LLC v. Doe*, 2012 U.S. Dist. LEXIS 121368 at 5 (N.D. Ill. Aug. 27, 2012); *AF Holdings, LLC v. Doe*, 2012 U.S. Dist. LEXIS 162487 at *3 (N.D. Ill. Nov. 13, 2012). "[R]equests for pseudonymity have been granted when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature. An allegation that an individual illegally downloaded adult entertainment likely goes to [such] matters." *Third Degree Films*, 2011 U.S. Dist. LEXIS 128030, at *11 (N.D. Cal. November 4, 2011).

Defendant's future professional opportunities in his field would very likely be compromised by publicity of his name in a case involving the downloading and distribution of pornographic material. Importantly, Defendant denies being the downloader in this case. The sealing of the above-referenced documents and redaction of docket entries is the only means by which Defendant's privacy interests can be protected. Their presence on the public docket is the risk to his reputational injury and injury to future professional prospects. The only remedy for that is sealing/redaction.

### III. Conclusion

Defendant has shown good cause as to why he should be permitted to proceed anonymously in this matter. It is also reasonable for Defendant to request that his name be redacted from the docket and that any publicly filed documents bearing his name be sealed.

WHEREFORE, Defendant respectfully request this Court to enter an Order permitting him to proceed anonymously, redacting his name from the docket and sealing the filed documents bearing his name as identified above. Counsel for Defendant conferred with counsel

for Plaintiff regarding this request, and Plaintiff indicated that this Motion would not be opposed.

                    Respectfully submitted,

                    MOHAMAD BAIAZID

                    By Counsel:

                    McClanahan Powers, PLLC

                    /s/   Robert Powers
                    Robert Powers, Esq.
                    VSB # 80822
                    McClanahan Powers, PLLC
                    1604 Spring Hill Rd., Ste. 321
                    Vienna, VA 22182
                    Phone: (703)-520-1326
                    Fax: (703) 828-0205
                    rpowers@mcplegal.com
                    *Counsel for Defendant*

## CERTIFICATE OF SERVICE

     I hereby certify that on March 12, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                    By: /s/ Robert Powers        .
                    Robert Powers