UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MOHAMAD BAIAZID,<br><br>Defendant. | CASE NO.: **1:14-cv-01178-TSE-TRJ** |

**PLAINTIFF'S AMENDED FIRST MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE EXPERT REPORTS**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel, hereby files its Amended First Motion for Extension of Time Within Which to Serve Expert Report ("Motion") and states:

1. Pursuant to this Court's Order entered on May 5, 2015 [CM/ECF 29], Plaintiff must serve its Expert Report on Defendant by June 1, 2015.

2. On June 1, 2015, Plaintiff filed its First Motion for Extension of Time Within Which to Serve Expert Report [3CM/ECF 32]. Since filing its Motion, the parties have conferred further. Accordingly, Plaintiff files the instant Amended Motion to inform the Court of the Parties' recent conferral and to correct scrivener errors.

3. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot be reasonably met despite the diligence of the party seeking the extension.'

1

*W. Virginia Hous. Dev. Fund v. Ocwen Tech. Xchange, Inc.*, 200 F.R.D. 564, 566 (S.D.W. Va. 2001), quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992).

4.     On April 3, 2015, this Court entered an Order instructing the parties to commence discovery.

5.     On April 15, 2015, Plaintiff served its First Set of Requests for Production and First Set of Interrogatories on Defendant. Accordingly, Defendant's deadline to respond was May 18, 2015. Defendant served his responses on May 14, 2015[1].

6.     As part of Plaintiff's First Set of Requests for Production, Plaintiff sought production of all of Defendant's computer devices and hard drives. In response, Defendant listed only four (4) devices: a Nexus 4 cellphone, a Nexus 5 cellphone, an Apple iPad Mini, and an Apple iPad 2. At this time, undersigned believed that Defendant agreed to produce the foregoing devices after entry of a protective order[2].

7.     On May 19, 2015, defense counsel e-mailed undersigned with regarding entry of a protective order. However, undersigned asserted that the parties would need to agree to entry of a standard protective order until after the Defendant propounded discovery. Thereafter, a narrowly tailored protective order could be filed if the Parties deemed necessary.

8.     On May 27, 2015, undersigned sent defense counsel a proposed protective order. In response, on June 1, 2015, defense counsel sent undersigned a new proposed protective order. Plaintiff agreed to entry of same.

9.     On June 1, 2015, Plaintiff served Defendant with its Expert Witness List, wherein Plaintiff listed Michael Patzer and Patrick Paige as expert witnesses. Plaintiff also served Defendant with Mr. Patzer's Expert Report regarding the design, implementation, and

---

[1] Defendant timely asserted objections to discovery pursuant to Local Rule 16(b).
[2] Defense counsel recently advised undersigned that Defendant will not agree to produce these devices based on Defendant's religious grounds.

maintenance of Excipio's data collection system, how BitTorrent works, and how Excipio's data collection system collects evidence about BitTorrent use. Lastly, Plaintiff served Defendant with Mr. Paige's Expert Report regarding his examination of IPP International UG's software. All of the foregoing comply with Fed. R. Civ. P. 26(a)(2)(B).

10. Malibu Media also intends to submit an Expert Report with respect to Mr. Mr. Paige examination of Defendant's computers and hard drives. However, the devices have not yet been produced. Plaintiff intends on filing a Motion to Compel production of Defendant's hard drives and devices if the parties are unable to agree on production of same.

11. Without production of Defendant's devices, Patrick Paige cannot create a report regarding examination of the devices.

12. Accordingly, Plaintiff intends to supplement its Expert Report to include Mr. Paige's detailed examination of Defendant's devices after Defendant produces the requested devices.

8. Given the facts of this case and the deadline to serve an expert report, in an abundance of caution, Plaintiff respectfully requests that this Court enter an order enlarging the time within which the parties have to serve its expert report by forty-five (45) days. Plaintiff only seeks this extension with respect to a supplement regarding additional devices which Defendant may be compelled to produce or devices which has not been disclosed to Plaintiff.

9. WHEREFORE, Plaintiff respectfully requests that this Court enter an order enlarging the time within which the parties have to serve an expert report by forty [45] days. A proposed order is attached for the Court's convenience.

Dated: June 3, 2015

Respectfully submitted,

William E. Tabot PC

By:    /s/ *William Egbe Tabot*
William Egbe Tabot
William E. Tabot PC
9248 Mosby Street
Manassas, VA 20110-5038
703-530-7075
Fax: 703-530-9125
Email: wetabotesq@wetlawfirm.com
*Attorney for Malibu Media, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2015, a true and correct copy of the foregoing document was served via U.S. Mail and/or email to the following:

Robert Franklin Powers, Esq.
1604 Spring Hill Road, Ste. 321
Vienna, VA 22182
Tel: (703) 520-1326
Fax: (703) 828-0205
E-mail: rpowers@mcplegal.com
*Attorney for Defendant*

By:    /s/ *William Egbe Tabot*