RECEIVED

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION 2015 JUN 11 P 4: 09

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MOHAMAD BAIAZID,<br><br>Defendant. | CASE NO.: 1:14-cv-01178-TSE-TRJ |

## STIPULATED PROTECTIVE ORDER

Pursuant to Fed. R. Civ.P. 26(c), the following provisions shall govern the pretrial disclosure and use by the parties of all documents, electronically stored information ("ESI"), testimony, and other information given during the course of discovery. Plaintiff, Malibu Media, LLC, and Defendant, Mohamad Baiazid, hereby:

**AGREE AND STIPULATE** to the following protective order ("Protective Order"):

1. Discovery in this case will require production of documents and disclosure of information which the parties or producing party (the "producing party") consider confidential and/or proprietary in nature and which require protection against unrestricted disclosure and use.

2. The producing party may designate documents, ESI, or other materials "Confidential," as specified below. The producing party shall apply a confidentiality designation only when that party has a reasonable, good faith belief that the information so designated constitutes "Confidential" material. The protections conferred by this Order cover not only the

1

protected information itself, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might disclose protected material to persons not authorized to receive such material.

    2.1    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, disclosure or discovery material must be designated for protection under this Order by clearly designating the material before it is disclosed or produced. Such designations must be made in good faith.

    2.2    <u>"Confidential" Information or Items</u>. Materials that may be designated as "Confidential" include information (regardless of how generated, stored, or maintained), testimony, or tangible things obtained during discovery in this action that reveal a trade secret, or other confidential research, development, or financial information that is commercially sensitive, or that otherwise is entitled to protective treatment under Fed. R. Civ. P. 26(c), and personal information that is protected from disclosure by statute, regulation, or otherwise entitled to protection from public disclosure.

    2.3    The designation of materials as "Confidential" shall be made as follows:

(a) for produced documents, by imprinting the word "Confidential" on the face of each page of a document so designated or in a similarly conspicuous location for non-document materials;

(b) for written discovery responses, by imprinting the word "Confidential" next to or above any response to a discovery request or on each page of a response;

(c) for depositions, by indicating on the record at the deposition which portions of the transcript and/or responses should be treated as "Confidential." Alternatively, within thirty (30) days of receipt of a transcript or recording of a deposition or other pretrial or trial proceeding, the offering or sponsoring party or non-party may designate such transcript or recording, or any portion thereof, as "Confidential" by notifying all parties, in writing, or the specific pages and lines of the transcript or recording that should be treated as "Confidential." All transcripts or recordings of depositions shall be treated as "Confidential" for thirty (30) days after receipt of the transcript or recording, or until written notice of a designation is received, whichever occurs first. Transcript pages contained protected material must be separately bound by the court reporter, who must affix to the top of each such page the legend

3

"Confidential," as instructed by the party or non-party offering or sponsoring the witness or presenting the testimony;

(d) for ESI, either by imprinting the word "Confidential" on any disk or storage medium, or on the face of each page of a document so designated, or by designating the production as "Confidential" in the transmittal cover letter.

3. Any information or documents so designated shall be used only in the prosecution and defense of this case, and shall be restricted solely to the following persons unless and until this Court rules that any such protected information should be disclosed beyond the limits permitted by this Order:

3.1 The parties and officers, members, or persons employed directly by the parties for this case, and the attorneys of record for the parties and persons directly employed by the attorneys of record in this case, for the specific and sole purpose of assisting said attorneys in this case. Such individuals shall be bound by the terms of this Order. This subparagraph does not include attorneys or law firms with whom or with which the attorneys of record in this case may have an affiliation for purposes other than this case;

3.2 Experts and consultants retained by the attorneys in this case, specifically for this case, provided that each such expert and consultant shall first

execute a copy of Exhibit A, attached hereto, and provide a copy of the executed Exhibit A to the producing party;

3.3   Non-party deponents, on the condition that they are first placed on notice that they are prohibited from disclosing or making use of any such protected information which may be disclosed to them in the course of discovery or any other proceeding in this case, and who agree on the record that they will maintain the confidentiality of the information disclosed;

3.4   The Court, Court personnel and staff, and stenographers and videographers at any deposition or Court proceeding; and

3.5   The authors, addresses, originators, or producing party of the protected information.

4.   Copies of protected documents may be made for the experts and consultants described in paragraph 3.2, provided such individuals comply with the requirements of paragraph 3.2.

5.   All transcripts, depositions, exhibits, answers to interrogatories, and other documents filed with the Court during this action which have been designated by any party as "Confidential," pursuant to paragraph 2.3 above, and all pleadings and memoranda purporting to reproduce or paraphrase such protected information, shall be filed in accordance with the Court's procedure for filing documents under seal. Any document filed under seal must have any

information designated as "Confidential" redacted and be filed publicly via ECF within seven days of being filed under seal.

6. All protected information, as well as duplicates and other documents referring in whole or in part to the protected information and the information contained therein, shall be maintained in the strictest confidence by all counsel and persons to whom disclosure is made pursuant to section 3 of this Order and shall not be disclosed to anyone other than the persons and in the manner described in section 3 herein.

7. Entry of this Order shall be without prejudice to any party's motion for relief from or modification of the provisions hereof or to any other motion relating to the production, exchange, or use of any document or ESI, or other information in the course of this action. If a party disagrees with a producing party's designation of information as "Confidential," or disputes the limitations on access to be accorded such information under this Order, the party contesting the designation or restriction on access shall provide to the producing party written notice of its disagreement and specifically identify the information or restriction on access in dispute. If, despite good faith effort, the dispute cannot be resolved informally by the parties within ten (10) calendar days of the producing party's receipt of the written notice, the party contesting the designation or restriction on access may seek a determination from the Court with respect to the propriety of the designation. The producing party shall then have five (5) calendar days from the filing of a motion contesting the designation or restriction on access to file an opposition to such motion, following which the contesting party shall be afforded three (3) days to file a reply memorandum. The "Confidential" status of the challenged material shall be

maintained until the Court shall rule on the motion. While the challenging party must initiate the motion before the Court, it is the burden of the party seeking protection under this Order to demonstrate that the "Confidential" designation is appropriate. A challenge under this paragraph shall not affect a party's right of access to "Confidential" material or to disclose information as provided for in this Order. A party does not waive its right to challenge a confidentiality designation by not electing to mount a challenge promptly after the original designation is made.

8. Nothing contained in this Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any party as an admission by a party or a party opponent. Nothing in this Order shall be deemed an admission that any particular information designated as "Confidential" is entitled to protection under the Order, Fed. R. Civ. P. 26(c), or any other law. Nothing in this Order shall be construed as granting any person or entity a right to receive specific "Confidential" information where a court has entered an order precluding that person or entity from obtaining access to that information. The parties specifically reserve the right to challenge the designation of any particular information as "Confidential," and agree that no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to introduction or use as evidence of any of the disclosure or discovery material covered by this Order. Furthermore, the parties specifically reserve the right to apply to the Court for a further protective order or in camera inspection relating to any protected information or discovery material, and the right to seek a modification of this Order.

**THE PARTIES HEREBY STIPULATE AND AGREE** to the foregoing Protective Order and agree to the Court entering an order adopting same.

| | |
|---|---|
| /s/ *William Egbe Tabot* | /s/ *Robert Franklin Powers* |
| William Egbe Tabot | Robert Franklin Powers, Esq. |
| William E. Tabot PC | McClanahan Powers, PLLC |
| 9248 Mosby Street | 1604 Spring Hill Road, Ste. 321 |
| Manassas, VA 20110-5038 | Vienna, VA 22182 |
| Tel: (703) 530-7075 | Tel: (703) 520-1326 |
| Fax: (703) 530-9125 | Fax: (703) 828-0205 |
| Email: wetabotesq@wetlawfirm.com | E-mail: rpowers@mcplegal.com |
| *Attorney for Plaintiff* | *Attorney for Defendant* |

**SO ORDERED** this 17 day of _____June_____, 2015.

```
               /s/
       Michael S. Nachmanoff
       United States Magistrate Judge
```

## EXHIBIT A

## CERTIFICATE OF COMPLIANCE

Protected information, in whole or in part, and the information contained therein which has been produced by the parties to this action pursuant to the attached Protective Order has been disclosed to me, and by signing this Certificate of Compliance, I acknowledge and agree that I have read, understand, and am subject to the provisions of the Protective Order and will not disclose such protected information in whole or in part or in any form or the information contained therein to any person, corporation, partnership, firm, governmental agency or association other than those listed in paragraphs 3.1, 3.2, and 3.6 of the Protective Order. I further agree that the United States District Court for the Eastern District of Virginia shall have personal jurisdiction over me for purposes of enforcing the terms of the Protective Order.

_____  _____
Date                             Signature

                                 _____
                                 Name (print)