IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:14-cv-1178 |
| | ) | |
| MOHAMAD BAIAZID, | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

In this copyright infringement suit—now concluded by way of a stipulated dismissal with prejudice pursuant to Rule 41(a)(1)(A)(ii), Fed. R. Civ. P.—defendant seeks an award of attorney's fees and costs pursuant to 17 U.S.C. § 505 and 28 U.S.C. § 1927, claiming that he is a "prevailing party" under § 505 and alleging that plaintiff's litigation conduct, in this and other lawsuits, warrants sanctions. Plaintiff, in turn, argues that defendant is not a "prevailing party" and further argues that sanctions are not warranted. The matter has been fully briefed and argued, and defendant's motion is ripe for disposition.

For the reasons that follow, defendant is not entitled to fees or costs; he is not a "prevailing party" for purposes of § 505, and the record falls far short of showing any basis for litigation sanctions under § 1927.

**I.**

Plaintiff, a purveyor of adult content films, is a California limited liability company with its principal place of business in Los Angeles. Defendant is a resident of Reston, Virginia. Plaintiff filed this action in September 2014 against an unidentified John Doe defendant as the subscriber of an internet protocol ("IP") address that plaintiff alleged was used for the infringing downloading, copying, and distribution of plaintiff's copyrighted works. Eventually, plaintiff

1

learned that defendant resided at the home associated with the IP address used for the alleged infringing downloading, copying, and distribution. Accordingly, plaintiff amended the complaint to name defendant in the action.

Defendant does not deny that infringing activity occurred via the IP address associated with defendant's home; rather, defendant's argument is simply that someone else in defendant's home committed the infringing acts. Specifically, defendant maintains that the person who engaged in the infringing activity was a long-term houseguest, Salima Abedou Khateeb ("Salima"), a resident of Istanbul, Turkey. Plaintiff, in turn, disputes this explanation, contending that the scant existing record evidence suggests that defendant's claim is untrue.

Over the course of discovery, plaintiff telephonically deposed an individual purporting to be Salima. Plaintiff was unable to verify the identity of the person deposed, and moreover this deposition plus other record evidence suggests that defendant's story about Salima is false. This record evidence includes:

> (i) that the Salima story was only put forward after defendant knew of the relevant timeframe of alleged infringement;
>
> (ii) that Salima allegedly stayed with defendant and defendant's wife in a one-bedroom apartment for three straight months;
>
> (iii) that additional evidence shows that the total time period of illegal distribution of plaintiff's copyrighted works was approximately four months longer than the three-month period when Salima was allegedly staying with defendant;
>
> (iv) that Salima allegedly visited the United States for tourism, but he never left defendant's Virginia suburb to travel anywhere, not even to the District of Columbia;
>
> (v) that Salima claims that he only used cash while in the United States, so there is no way to confirm his presence by tracing credit or debit card transactions;

(vi) that Salima, who allegedly stayed in defendant's home for three months, could not answer basic questions about defendant's home when deposed, such as whether defendant's apartment unit has a washer and dryer or a dishwasher; and

(vii) that Salima refused to produce any official government identification.

Defendant, in response, argues without factual support that plaintiff is alleging a conspiracy of fraud on the court in order to distract attention from plaintiff's own bad faith prosecution of this and other actions. Indeed, defendant argues that there was never sufficient evidence on which plaintiff could name defendant in the complaint.

Ultimately, plaintiff asserts that it concluded that the case against defendant was not worth pursuing, and thus on August 26, 2015, plaintiff filed a voluntary motion to dismiss without prejudice pursuant to Rule 41(a)(2), Fed. R. Civ. P., with each party to bear its own costs and fees. The next day, plaintiff and defendant stipulated to a dismissal with prejudice pursuant to Rule 41(a)(1)(A)(ii), in which defendant reserved the right to seek an award of fees and expenses. Thereafter, on August 31, 2015, an Order issued granting plaintiff's August 26 motion and dismissing the case without prejudice, with each party to bear its own costs and fees. Defendant, on September 4, 2015, moved to vacate the August 31 Order on the ground that the August 27 stipulation of dismissal superseded plaintiff's voluntary motion to dismiss. Accordingly, on September 16, 2015, an Order issued vacating the August 31 Order and dismissing the claims against defendant with prejudice pursuant to the August 27 stipulation of dismissal. Finally, defendant filed a bill of costs on September 28, 2015, and a motion for costs and attorney's fees on September 30, 2015.

## II.

Defendant first seeks an award of costs and attorney's fees under 17 U.S.C. § 505, which allows an award of "a reasonable attorney's fee" to the "prevailing party" as part of the costs in a

copyright infringement suit. Thus, § 505 supplements Rule 54(d)(1), Fed. R. Civ. P., which allows a "prevailing party" to receive an award of costs other than attorney's fees, "[u]nless a federal statute...provides otherwise." Defendant argues that he is a "prevailing party" in this action because he obtained a dismissal with prejudice, which altered his legal rights *vis-à-vis* plaintiff inasmuch as the dismissal is *res judicata* as between the parties. Plaintiff counters that defendant is not a "prevailing party" because defendant received no judgment or judicial relief but was simply the beneficiary of a voluntary stipulated dismissal pursuant to Rule 41(a)(1)(A)(ii).

The first step of the "prevailing party" analysis is to ascertain the definition of the term as used in § 505. As it happens, the Supreme Court has addressed the meaning of "prevailing party" as used in the fee shifting provisions of the Fair Housing Amendments Act of 1988 and the Americans with Disabilities Act of 1990. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 601 (2001). Importantly, the Supreme Court in *Buckhannon* noted that "prevailing party" is a legal term of art that appears in "[n]umerous federal statutes" that shift fees. *Id.* at 600, 603. Although *Buckhannon* is not directly on point as that decision did not specifically speak to Rule 54 or § 505, a "cardinal rule of statutory construction" is that when Congress employs a term of art, it presumably knows and adopts the established meaning of the term. *See FAA v. Cooper*, 132 S. Ct. 1441, 1449 (2012). Thus, the meaning of the term "prevailing party" as explained in *Buckhannon* is broadly applicable across federal fee shifting statutes. *Accord Doe v. Boston Pub. Schs.*, 358 F.3d 20, 25 (1st Cir. 2004) (noting that *Buckhannon*'s definition of "prevailing party" is "not statute-specific"). In short, *Buckhannon* is authoritative with respect to Rule 54 and § 505.

4

In defining the phrase "prevailing party" in *Buckhannon*, the Supreme Court began by citing Black's Law Dictionary favorably. And Black's Law Dictionary defines a "prevailing party" as "[a] party in whose favor a *judgment* is rendered." *Buckhannon*, 532 U.S. at 603 (emphasis added). The Supreme Court further explained that, in light of this definition, a "judicially sanctioned change in the legal relationship of the parties"—such as a judgment on the merits or a consent decree—is necessary for "prevailing party" status. *See id.* at 605. Indeed, even a party's "voluntary change in conduct, although perhaps accomplishing what the [opposing party] sought to achieve…lacks the necessary judicial *imprimatur*" to afford "prevailing party" status on the benefited party. *Id.* (emphasis in original).

*Buckhannon*'s teaching as to "prevailing party," applied here, points convincingly to the conclusion that defendant is not a "prevailing party." In this case, there was no judgment or "judicially sanctioned change in the legal relationship of the parties." *Id.* The filing that effectuated the dismissal of this suit was the Rule 41(a)(1)(A)(ii) joint stipulation of dismissal filed on August 27, which required no judicial involvement to effect the dismissal of the case; it was effective when filed. This is confirmed by the plain language of Rule 41(a)(1)(A), which states that a stipulated dismissal operates "without a court order." Moreover, the great weight of judicial authority holds that once a stipulation of dismissal under Rule 41(a)(1)(A)(ii) is filed, the matter ends.[1] Nor is this result altered where, as here, a further order issues acknowledging the

---

[1] *See Marino v. Pioneer Edsel Sales, Inc.*, 349 F.3d 746, 752 n.1 (4th Cir. 2003) (noting that dismissals by stipulation are "not effected by court order"); *accord Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012) (noting that a stipulation of dismissal is automatic and self-executing); *De Leon v. Marcos*, 659 F.3d 1276, 1284 (10th Cir. 2011) (same); *Kabbaj v. Am. Sch. of Tangier*, 445 F. App'x 541, 544 (3d Cir. 2011) (same); *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 463 (5th Cir. 2010) (same); *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007) (same); *Gambale v. Deutsche Bank*, 377 F.3d 133, 139 (2d Cir. 2004) (same); *Green v. Nevers*, 111 F.3d 1295, 1301 (6th Cir. 1997) (same); *In re Wolf*, 842 F.2d 464,

stipulation and reiterating the dismissal.[2] *See Marino*, 349 F.3d at 752 n.1. In sum, a stipulation of dismissal is effected by the parties themselves, without judicial involvement, even when a ministerial order follows, as occurred here. Because a stipulation of dismissal does not result in a judgment or judicially sanctioned relief, on which *Buckhannon* premises "prevailing party" status, it follows that a defendant dismissed pursuant to a stipulation of dismissal is not a "prevailing party."

The weight of authority compels the outcome reached here.[3] Defendant ignores this authority and instead relies on two cases for the proposition that a defendant in a case dismissed with prejudice by stipulation is a "prevailing party." Both cases are unavailing to defendant. First, although the Fourth Circuit stated in *Kollsman v. Cohen*, 996 F.2d 702, 706 (4th Cir. 1993), that "[a] dismissal of an action, whether on the merits or not, generally means the defendant is the prevailing party," this decision pre-dates *Buckhannon* and did not employ the analysis that *Buckhannon* now compels. Moreover, the Fourth Circuit in *Kollsman* noted that defendants in dismissed actions are only "generally…the prevailing party." *Id.* Thus, *Kollsman* contemplates that at least *some* defendants in dismissed actions will *not* be prevailing parties. And *Buckhannon*, applied here, requires defendant in this dismissed action to fall into the category of non-prevailing parties.

---

466 (D.C. Cir. 1988) (same); *Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1189 (8th Cir. 1984) (same).

[2] It is customary in this courthouse, and others, to write "so ordered" on joint stipulations of dismissal for the ministerial purpose of informing the Clerk of Court's office of the effect of such a stipulation. That is, when such an order issues, the order informs the Clerk's office that the case may be terminated so that the officials in the Clerk's office do not need to call chambers to inquire about the effect of the stipulation. Thus, such orders are of administrative significance, not legal significance.

[3] *See supra*, n.1 (collecting cases from ten circuit courts of appeals).

Nor does defendant find support from *BWP Media USA v. Gossip Cop Media, LLC*, 2015 WL 321877 (S.D.N.Y. Jan. 26, 2015). Although *BWP Media* concluded that a stipulation of dismissal with prejudice made the defendant a "prevailing party," *BWP Media* also concluded that the court's subsequent order implementing that stipulation "effected a material change in the legal relationship" of the parties. *Id.* at *4. In other words, *BWP Media* concludes that a judicial order on a stipulated dismissal constitutes judicial relief. But, as discussed *supra*, the significant weight of authority holds that an order on a stipulation of dismissal has no independent legal effect because Rule 41(a)(1)(A) operates "without a court order." Thus, *BWP Media* is unpersuasive.

In summary, in accordance with the Supreme Court's *Buckhannon* decision, judicial involvement in granting relief is a necessary precondition to "prevailing party" status under Rule 54 and § 505. Because the parties' August 27 stipulation of dismissal was self-executing and effectuated a dismissal with prejudice upon filing without any judicial involvement, defendant is not a "prevailing party" and is not entitled to costs under Rule 54 or to attorney's fees under § 505.

### III.

Defendant also seeks to recover under 28 U.S.C. § 1927 for "the excess costs, expenses, and attorneys' fees reasonably incurred" as a result of plaintiff's conduct that allegedly "multiplie[d] the proceedings…unreasonably and vexatiously." Importantly, § 1927 "focuses on the conduct of the litigation and not on its merits." *DeBauche v. Trani*, 191 F.3d 499, 511 (4th Cir. 1999). Moreover, "bad faith on the part of the attorney is a precondition to imposing fees under § 1927." *EEOC v. Great Steaks, Inc.*, 667 F.3d 510, 522 (4th Cir. 2012). An award of sanctions under this provision is discretionary. *See id.*

A careful review of the record discloses no sound basis or reason to impose any costs, expenses, or attorney's fees in favor of defendant in this case. Indeed, this review of the record discloses no conduct by plaintiff that multiplied the proceedings unreasonably and vexatiously or that reflects bad faith on the part of plaintiff or its attorney.

Defendant argues that sanctions under § 1927 are appropriate because (i) plaintiff files hundreds of copyright infringement lawsuits,[4] (ii) plaintiff pursued this particular case after learning that defendant "could not have been the infringing party," (iii) plaintiff spoliated evidence, (iv) plaintiff frustrated defendant's ability to conduct discovery, (v) plaintiff failed to prosecute the case in a timely manner, and (vi) plaintiff concocted a false allegation that defendant is committing a fraud on the court. These allegations are not a valid basis for § 1927 sanctions.

With regard to the argument that plaintiff files numerous lawsuits of this type—that is, against John Doe defendants based on IP evidence—conduct in other lawsuits is irrelevant to this case. In any event, it is appropriate to take judicial notice that a number of these lawsuits have gone forward and resulted in valid judgments against infringers.[5] If these lawsuits are not legally warranted—which defendant fails to prove—then the appropriate course of action is for the actual litigants in the unwarranted suits to seek appropriate relief.

As to defendant's arguments that plaintiff pursued defendant in bad faith and falsely accused defendant of defrauding the court, such "contention[s] concerning the weaknesses of

---

[4] According to defendant, plaintiff has filed 271 copyright infringement cases in the Alexandria Division of the Eastern District of Virginia since June 11, 2014. Moreover, defendant alleges that plaintiff brought 1,705 copyright suits nationwide in 2014. D. Br. at 6.

[5] *See, e.g., Malibu Media, LLC v. John Does 1, 6, 13, 14*, 950 F. Supp. 2d 779, 788 (E.D. Pa. 2013) ("Malibu has satisfied its burden of proof with substantial evidence and deserves a large award....A Final Judgment will be entered.").

[plaintiff's] case do[] not fall within the purview of § 1927." *Great Steaks*, 667 F.3d at 522 (affirming denial of fees where defendant argued that plaintiff "litigated the case even though it lacked a foundation"). Simply put, the gist of this part of defendant's argument is that plaintiff's evidence was too weak to warrant (i) naming defendant as a party or (ii) suggesting that defendant's story about Salima is untruthful. Such evidentiary arguments go to the merits of the case, and are therefore beyond the province of § 1927. *See id.* Even *if* such arguments were appropriate under § 1927, plaintiff has sufficient evidence to create a jury question on defendant's liability; for example, plaintiff proffers that certain evidence shows that the alleged infringement of plaintiff's copyrighted works stopped *precisely* during a period when defendant and his wife went on vacation. Thus, plaintiff had sufficient foundation to pursue this case.

Finally, defendant complains about the manner in which plaintiff prosecuted this case. Yet defendant fails to show that plaintiff's counsel acted in bad faith, which is a necessary condition for § 1927 sanctions. *Id.* Moreover, each of the actions about which defendant now complains have more appropriately tailored sanctions that could have been sought at an earlier stage in the litigation. For example, much of the conduct about which defendant complains relates to alleged discovery misconduct, for which Rule 37, Fed. R. Civ. P., provides ready redress. Similarly, failure to prosecute or to comply with court rules or orders is addressed under Rule 41(b), Fed. R. Civ. P., which provides for involuntary dismissal as a sanction. Although defendant filed one motion to compel, this motion did not address the full panoply of alleged violations for which defendant now seeks sanctions. And further, defendant's current strategy for obtaining sanctions looks like an ambush; defendant did not identify many of his accusations

with specificity until his reply brief, to which plaintiff had no opportunity to provide a written response.[6] Accordingly, defendant's argument for § 1927 sanctions fails.

### IV.

For the foregoing reasons, defendant's motion for attorney's fees and costs will be denied. Plaintiff's remaining arguments are neither reached nor decided.

An appropriate order will issue.

Alexandria, Virginia
November 5, 2015

/s/
T. S. Ellis, III
United States District Judge

---

[6] In defendant's memorandum in support of his motion for sanctions, defendant devotes barely two-and-a-half pages to his argument for § 1927 sanctions. *See* D. Br. at 19-22. These pages complain about plaintiff's overall litigation strategy against alleged infringers while pointing to only sparse examples of plaintiff's conduct in this particular case. In defendant's reply brief, however, defendant spends eleven pages detailing the conduct that, in his view, warrants sanctions. *See* D. Reply at 7-18. It is worth noting that defendant's specific arguments are, in any event, unpersuasive.